UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLI FREE I GARNER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:11-CV-00320 |
| | § | |
| ERNEST GUTIERREZ, JR, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING IN PART
MEMORANDUM AND RECOMMENDATION
ON DEFENDANTS' PARTIAL MOTION TO DISMISS**

Pending before the Court is United States Magistrate Judge B. Janice Ellington's January 23, 2013 Memorandum and Recommendation (D.E. 48) with respect to the Defendants' Partial Motion to Dismiss (D.E. 33), recommending that the Motion be denied. Plaintiff filed a "missive of written notification" (D.E. 55) in which he seeks to correct certain factual recitations and explains that he did not intentionally fail to respond to the Defendants' Motion. However, plaintiff does not state any objections. Defendants timely filed their Objections (D.E. 53), which are set out and discussed below.

Defendants first object to the recommendation that claims based upon the "shaving incident" be retained. The law and arguments upon which the Defendants' objection is premised are not in dispute. The grooming policy is an appropriate regulation in a prison context and Plaintiff's religious objections are not at issue here. The guards may use force to enforce the policy, as writing a disciplinary case on the offender will not remove the beard from his face and will substantially delay compliance

with the policy. Time was of the essence in this instance, as the prisoners were in the process of having their identification photographs taken, which is an important rationale for the grooming policy.

That said, Defendants acknowledge that there is a gray area in the application of force between a show of force without contact (used to intimidate an inmate into shaving) and a beating delivered in conjunction with a forced shaving. Compare *McFadden v. Lucas*, 713 F.2d 143 (5th Cir. 1983) with *Harris v. Chapman*, 97 F.3d 499, 503-04 (11th Cir. 1996). Defendants further acknowledge that Plaintiff's allegations are within that gray area. They ask that this Court find as a matter of law that the factual allegations do not place this incident far enough along the sliding scale to state a claim.

This is where the Court disagrees with the Defendants' argument. While the allegations could be read, as Defendants read them, to describe the minimal amount of force necessary to effectuate an appropriate shaving, the Court must construe the pleadings liberally in favor of a *pro se* plaintiff. *E.g., Mayfield v. Texas Dept. of Criminal Justice*, 529 F.3d 599, 604–05 (5th Cir. 2008). Additionally, "Pleadings must be construed so as to do justice." Fed. R. Civ. P. Rule 8(e). Factual allegations are, of course, accepted as true at this stage. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Against that backdrop, the Complaint says that Defendant Garza, a person who is not licensed to cut hair, wielded the clippers in a manner that "bit and gouged" Plaintiff's skin, causing minor bleeding. An injury need not be significant to support an excessive force claim. *Hudson v. McMillian*, 503 U.S. 1, 4, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

The question is whether more force than was necessary was used, crossing the line between a good faith effort to maintain or restore discipline and conduct that maliciously or sadistically causes harm. *Id.*, 503 U.S. at 6-7.

Construing the Plaintiff's claim as the Court must, it is sufficient to state a claim for excessive force with respect to the shaving incident. Defendants' first objection is **OVERRULED**.

Second, Defendants object to the Memorandum and Recommendation insofar as it holds that the "hallway" incident states an excessive force claim upon which relief can be granted. "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979); *Baldwin v. Stalder*, 137 F.3d 836, 840 (5th Cir. 1998).

Plaintiff's complaint with respect to the hallway incident on December 27, 2010 shows that Plaintiff evaded the Defendants' effort to "herd" him into the barber shop, quickly walking away. When the guards tried to apprehend him, he sat down on the floor with his back against the wall, "refusing their orders to submit to cuffing." D.E. 20, p. 20. The Defendants then forcibly picked him up and "twisted" his arms back and "hurt" him as they snapped the cuffs on. *Id.* at 21.

When Plaintiff claimed a need for medical attention, the guards responded that they would escort him to medical if he went and shaved. *Id*. The Magistrate Judge interpreted this pleading as showing that Defendants admitted that they had injured

3 / 5

Plaintiff. Even if the Defendants "hurt" the Plaintiff, the Plaintiff does not state an excessive force claim unless the amount of force used crossed the line—was more than was necessary to maintain or restore discipline. *Hudson*, 503 U.S. at 6-7.

Given the Plaintiff's failure to plead anything more than rough treatment that was admittedly employed to restore discipline, along with unspecified pain without discernible injury, the Court finds that the claim is insufficient under Rule 12(b)(6). *Wilkins v. Gaddy*, 559 U.S. 34, 130 S.Ct. 1175, 1178 (2010) ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim"). The Court **SUSTAINS** the Defendants' second objection and **DISMISSES** the excessive force claim arising from the incident of December 27, 2010.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Defendants' Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Defendants' first objection and **SUSTAINS** Defendants' second objection and otherwise **ADOPTS** as its own the findings and conclusions of the Magistrate Judge as modified herein.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the Defendants' Partial Motion to Dismiss (D.E. 33). The Court **GRANTS** that part of the Motion regarding the "hallway" incident and **DISMISSES** Plaintiffs' claims based upon the December 27, 2010 events for failure to state a claim upon which relief can be

granted. The Court **DENIES** those parts of the Motion that seek a dismissal of claims based upon limitations and a dismissal of the "forced shaving" incident. The Court *sua sponte* **DISMISSES WITHOUT PREJUDICE** Plaintiffs' claims against Lieutenant Jesse Perales and Officer FNU Salinas pursuant to Fed. R. Civ. P. 4(m) for failure to effectuate service of process in a timely manner.

ORDERED this 27th day of February, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE