UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLI FREE I GARNER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:11-CV-320 |
| | § | |
| ERNEST GUTIERREZ, JR, *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
# ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In this prisoner civil rights action, Plaintiff Will I Free I Garner alleges that Defendants used excessive force against him when they forcibly held him down and shaved his beard on several occasions in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (D.E. 1). Certain Defendants have filed a motion for summary judgment to dismiss Plaintiff's claims against them on the grounds that Plaintiff failed to exhaust his administrative remedies. (D.E. 127). Plaintiff has filed a response in opposition, (D.E. 135), to which Defendants have filed a reply. (D.E. 128).

For the reasons stated herein, it is respectfully recommended that the Court grant summary judgment in favor of the moving Defendants, save and accept for Officer Charles Huth, and dismiss with prejudice Plaintiff's claims against them for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

I.      **Jurisdiction.**

The Court has federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331.

II.     **Procedural background.**

The procedural background of this case has been detailed in the June 21, 2012 post-*Spears* Memorandum and Recommendation to Dismiss Certain Claims and to Retain Case (D.E. 23), the January 23, 2013 Memorandum and Recommendation concerning Certain Defendants' Motion to Dismiss for Failure to State a Claim (D.E. 48), and again in the July 24, 2013 Clarification Order and Instructions to the Clerk and to the Parties (D.E.73), and need not be repeated herein.  For purposes of the pending summary judgment motion, it is sufficient to note that Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he has been confined at the McConnell Unit in Beeville, Texas, for at least the last eleven years, during which time he has filed numerous lawsuits challenging certain events or conditions at that unit.  In one of those actions, *Garner v. Livingston*, Case No. 2:06-cv-218, Plaintiff challenged the TDCJ-CID's grooming regulations under both the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, *et seq.,* concerning his right to wear a beard and a kufi.  *Id.* at D.E. 1. On January 5, 2011, a bench trial was held before Judge Hudspeth, and by order entered May 19, 2011, Plaintiff was granted the right to grow and maintain a quarter-inch beard under RLUIPA, while his kufi and First Amendment claims were dismissed.  *See Garner v. Livingston*, 2011 WL 2038581 (S.D. Tex. May 19, 2011) (unpublished).  On appeal,

the Fifth Circuit upheld the district court's decision in *Garner v. Kennedy,* 713 F.3d 237 (5th Cir. 2013).

On September 30, 2011, Plaintiff filed the instant lawsuit in which he raised a variety of claims, including excessive force, retaliation, and harassment against numerous McConnell Unit officers and officials.  (*See* D.E. 1, 7, 13, 15, 16, 17, 18-20).  On March 22, 2012, a *Spears*[1] hearing was conducted, and on June 21, 2012, it was recommended that the Court retain Plaintiff's excessive force claims, but dismiss his claims of retaliation and harassment.  (D.E. 23 at 16-18, 26-27).

On July 30, 2012, Plaintiff filed an objection to the recommendation on the grounds that it failed to include a challenged Use of Force (UOF) that occurred on March 16, 2010.  (D.E. 29).

On February 27, 2013, the Court adopted in part, as supplemented and modified, the June 21, 2012 post-*Spears* recommendation and retained Plaintiff's claims of excessive force that occurred on the following five dates against the following twenty-two defendants:

(1) UOF dated August 6, 2009 against Defendants (1) Warden Aurelio Ambriz, (2) Captain Jacquelyn Jameson, (3) Sergeant Billy Garza, (4) Officer Mauricio Rincon, and (5) Officer Charles Huth (formerly spelled "Hough");

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

(2) UOF dated March 16, 2010; against Defendants (6) Officer Elias Trevino, (7) Officer Robles, (8) Officer Garcia, (9) Officer William Mayfield, and (10) Officer James Jenkins (formerly referred to as John Doe 1);

(3) UOF dated September 30, 2010 against (11) Officer Conrad Perales, (12) Officer Rodolpho Ruiz, and (13) Officer Richardo Caldwell;

(4) UOF dated December 7, 2010 against (14) Major Gonzalez; (15) Officer Luis Pulido; (16) Officer Jeremy Clark; and (17) Officer Adam Daugherty; and

(5) UOF dated December 27, 2010 against (18) Officer Jose Almanza; (19) Lieutenant Jesse Perales; (20) Officer Maria Gomez; (21) Officer Salinas; and (22) Officer Rolando De La Rosa.  (See D.E. 23, 59).

The Court dismissed Plaintiff's retaliation and harassment claims.  (D.E. 59).

On August 7, 2012, Defendants Warden Ambriz; Captain Jameson, Officer Rincon, Sergeant Garza, Officer Ruiz, Officer Gomez, and Officer De La Rosa moved to dismiss Plaintiff's claims against them as barred by limitations, and to dismiss the claims arising from the December 27, 2010 UOF for failure to state a claim.  (D.E. 33).  In addition, the Attorney General, as *Amicus Curie,* moved to dismiss Officer Huth, Lieutenant Perales, Officer Alamanza, and Officer Salinas pursuant to Rule 4(m), Fed. R. Civ. P., for failure to effect service on these individuals.  *Id.*

On January 23, 2013, it was recommended that Defendants' motion to dismiss on statute of limitations grounds be denied and that service be attempted again on the unserved Defendants.  (D.E. 48).

On February 27, 2013, the Court adopted in part the recommendation on Certain Defendants' motion to dismiss and declined to dismiss Plaintiff's August 6, 2009 claims as barred by limitations. (D.E. 60). However, the Court found that Plaintiff's allegations concerning the December 27, 2010 UOF, that Defendants "twisted" his arms while he was admittedly refusing to submit to handcuffs, failed to state a cognizable Eighth Amendment violation, and the Court dismissed Plaintiff's December 27, 2010 excessive force claim and the officers involved with that UOF. *Id.* (*See also* D.E. 73, Clarification Order, noting dismissal from this case of Lieutenant Jesse Perales, Officer Jose Almanza, Officer Maria Gomez, Officer FNU Salinas, and Officer Rolando De La Rosa).

On March 27, 2014, Plaintiff moved to voluntarily dismiss defendants James Jenkins, Officer Mayfield, and Officer J. Garcia without prejudice (D.E. 118), and on March 27, 2014, the motion was granted. (D.E. 120).

At present, Plaintiff is challenging as unconstitutional the remaining four UOF incidents against fourteen Defendants.

On June 5, 2014, ten defendants, Caldwell, Robles, Trevino, Pulido, Daughtery, Perales, Huth, Gonzalez, Ruiz and Clark, filed the instant motion for summary judgment to dismiss Plaintiff's claims against them for failure to exhaust administrative remedies. (D.E. 127).

On August 29, 2014, Plaintiff filed his response in opposition. (D.E. 135).

On September 5, 2014, Defendants filed a reply to Plaintiff's response. (D.E. 136).

### III.   Summary judgment evidence.

In support of their motion for summary judgment, the moving Defendants offer copies of Plaintiff's TDCJ-CID grievance records from May 2009 through June 2011, with a business record affidavit. (*See* D.E. 127-2, pp. 2-79).

On August 6, 2009, at approximately 8:30 a.m., Plaintiff was escorted along with four or five other inmates to 3-gym to have his picture taken for his ID card. (D.E. 1, 4-8). After waiting approximately 3 hours, Warden Ambriz, Captain Jameson, Sergeant Garza, Officer Rincon, and Officer Huth arrived at the gym, along with two nurses from medical. *Id.* Warden Ambriz advised Plaintiff that the McConnell Unit had recently enacted a policy by which any amount of force could be employed to take the photo of a prisoner who would not comply with the grooming policy. Then, Officer Rincon handcuffed plaintiff, and a video-camera was started. Officers Rincon and Huth held Plaintiff down in the barber chair while Officer Garza shaved Plaintiff's beard. After the shave, Plaintiff's photo was taken.

On August 9, 2009, Plaintiff filed a Step 1 grievance, grievance No. 2009208067, complaining about the UOF employed to shave him on August 6, 2009. (D.E. 127-2, pp. 60-61). His Step 1 grievance was denied. *Id.* at 61. He filed a Step 2 appeal, and it was also denied. (D.E. 127-2, pp. 62-63).

On March 16, 2010, Plaintiff was lying in his bunk, not making a disturbance and nodding off to sleep. (D.E. 16, pp. 5-7). Sergeant Trevino entered Plaintiff's cell and began punching him in his ribs and thigh, for no reason. *Id.* Officer Robles entered Plaintiff's cell and watched as Trevino proceeded to "trash" the cell. *Id.* Dismissed

Officers Garcia, Mayfield, and Jenkins were also present and stood by when Sergeant Trevino assaulted Plaintiff and trashed his cell. *Id.* Plaintiff did not file a Step 1 grievance complaining about the March 16, 2010 UOF. (*See* D.E. 127-2, pp. 3-79).

On September 30 2010, Plaintiff, along with other offenders, was instructed to pack his property and take it to the recreation yard for cell inspection, otherwise known as a "shakedown." (D.E. 20, p. 11-15). Plaintiff claims that a non-defendant officer named McGovern used racial slurs against him, and in response, Plaintiff asked Officer Perales to "control" Officer McGovern. *Id.* Plaintiff claims that Officers Perales, Ruiz, and Cardwell circled him and threatened him with physical harm. *Id.* He contends these officers pushed him causing an injury to his neck. *Id.* Following the September 30, 2010 UOF incident, Plaintiff did not file a grievance complaining about the conduct of Officer Conrad Perales, Sergeant Elias Trevino, Officer Rodolpho Ruiz, Officer Garcia, Officer William Mayfield, or Officer John Doe 1. (*See* D.E. 127-2, pp. 3-79).

On December 7, 2010, Major Gonzalez and Officer Pulido harassed Plaintiff about not shaving as he was attempting to enter the chow hall. (D.E. 20, pp. 16-19). A UOF ensued that involved Major Gonzalez, Officer Pulido, Officer Clark and Officer Daughtery. Plaintiff did not file a Step 1 grievance complaining about the December 7, 2010 UOF. (*See* D.E. 127-2, pp. 3-79).

### IV. Summary judgment standard.

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence, or evaluate the credibility of witnesses. *Id.* Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

   The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." *Anderson*, 477 U.S. at 250-51.

The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

**V.    Exhaustion.**

The moving Defendants move for summary judgment to dismiss Plaintiff's claims for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). (*See* D.E. 127). The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S. C. § 1997e(a).

The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002). Moreover, a prisoner is

required to exhaust his administrative remedies even if damages are unavailable through the grievance process. *Booth v. Churner*, 532 U.S. 731, 734 (2001); *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001). A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006). Because exhaustion is an affirmative defense, inmates are not required to plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 215 (2006).

The TDCJ provides a two-step procedure for presenting administrative grievances. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam). The Fifth Circuit requires that both steps be completed in order to file suit in federal court. *Johnson v. Johnson*, 385 F.3d 503, 515-16 (5th Cir. 2004). Step 1 requires the inmate to present an administrative grievance at his unit within fifteen days from the date of the complained-of incident. *Id.* at 515. The inmate should then receive a response from the unit official, and if unsatisfied with the response, the inmate has ten days to appeal by filing a Step 2 grievance, which is handled at the state level. *Id.*

Defendants have submitted uncontroverted summary judgment evidence establishing that Plaintiff did not pursue the administrative grievance process as to his excessive force claims for September 30, 2010 or December 7, 2010.[2] A review of

---

[2] The moving Defendants also contend that Plaintiff failed to exhaust his administrative remedies as to the December 27, 2010 UOF claim; however, the Court has already dismissed Plaintiff's excessive force claims related to that date and has dismissed from this lawsuit the Defendants associated with the December 27, 2010 UOF: Lieutenant James Perales; Officer Jose Almanza;

Plaintiff's grievance records from May 1, 2009 to June 30, 2011 reveals that he filed a total of twenty-eight (28) Step 1 grievances. (*See* D.E. 127-2, pp. 3-79). Of the twenty-eight Step 1 grievances, only eleven were properly exhausted by the filing of a Step 2 appeal. *See Wright,* 260 F.3d at 358  However, none of the successfully exhausted grievances concern Plaintiff's September 30, 2010 UOF claim against Defendants Perales, Ruiz, and Caldwell. Similarly, Plaintiff did not file a Step 1 or Step 2 grievance complaining about the December 7, 2010 UOF such that his claims against Defendants Gonzalez, Pulido, Clark, and Daugherty are not exhausted. Because Plaintiff did not grieve the events of September 30, 2010 or December 7, 2010, he did not properly exhaust his excessive force claims against the Defendants associated with those UOF incidents. Therefore, it is respectfully recommended that the September 30, 2010 Defendants, Officers Caldwell, Perales, and Ruiz, and the December 7, 2010 Defendants, Major Gonzalez, and Officers Pulido, Clark, and Daughtery, be granted summary judgment in their favor as to Plaintiff's claims against them for the dates specified above.

Two additional Defendants have moved for summary judgment for failure to exhaust administrative remedies: Officer Gilbert Robles and Sergeant Elias Trevino. (*See* D.E. 127, p. 1). Defendants point out that Plaintiff did not file a Step 1 or Step 2 grievance complaining about the conduct of Sergeant Trevino or Officer Robles within fifteen days of the March 16, 2010 UOF.

---

Officer Maria Gomez; Officer FNU Salinas; and Officer Rolando De La Rosa. (*See* D.E. 60; *see also* D.E. 73).

In his summary judgment response, Plaintiff argues that he effectively exhausted his claims by submitting letters to prison administrators. He argues:

> Here, there's no debate Garner has filed more (grievs) to "choke" a horse during his confinement. To include missives/ complaints to unit officials. In particular he filed Step 1 and Step 2 (grievs) on March. 25, 2010 and May 5, 2010. (See Original Complaint/Griev # 2010124800) (attached) Detailing the excessive force carried out by defs. Trevino and Robles on or about March 16, 2010.

(D.E. 135, p. 3). However, there is no grievance attached to Plaintiff's original complaint. (See D.E. 1). Moreover, in Plaintiff's grievance records offered by Defendants, there is no Grievance No. 2010124800. (*See* D.E. 127-2, pp. 3-79). Finally, there is no Grievance No. 2010124800 attached to Plaintiff's summary judgment response.

Plaintiff did file grievances in March 2010. On March 21, 2010, he filed a Step 1 grievance, Grievance No. 2010121661, complaining that on March 15, 2010, Sergeant Trevino failed to provide him with written notice of a failure to obey an order case, and Lieutenant Perales "ran the case" without Plaintiff present. (D.E. 127-2, pp. 32-33). This grievance does not state a claim of excessive force in an attempt to shave Plaintiff, and even if it did, there is no Step 2 appeal.

On March 30, 2010, Plaintiff filed a Step 1 grievance, Grievance No. 2010128402, complaining that an Officer Ramon refused to give him his johnny sack meal. (D.E. 127-2, pp. 9-10). This grievance was returned unprocessed because Plaintiff did not first attempt an informal resolution. *Id.* at 10. Again, this grievance does not involve excessive force nor state a claim against Officer Trevino or Officer Robles.

Plaintiff makes conclusory allegations that Defendants somehow hindered his ability to file grievances, while simultaneously acknowledging that he filed enough to "choke a horse," but he did not raise excessive force claims against any of the moving Defendants, save and except Officer Charles Huth who is possibly referred to as John Doe in Plaintiff's Step 1 grievance complaining about the August 6, 2009 UOF. Thus, there is no genuine issue of material fact that Plaintiff failed to exhaust his excessive force claims as to the moving Defendants, except Officer Huth, and that they are entitled to summary judgment in their favor.

## VI. Recommendation.

Based on the foregoing, it is respectfully recommended that the Court grant Defendants' motion for summary judgment (D.E. 127) as to all moving Defendants except Officer Huth, and that Plaintiff's excessive force claims against the moving Defendants be dismissed with prejudice for failure to exhaust administrative remedies.[3] Upon entry of that Order, this action will then consist only of Plaintiff's August 6, 2009

---

[3] A dismissal for failure to exhaust is generally without prejudice; however, because any new grievance filed by Plaintiff would be time-barred under TDCJ's grievance procedure and the failure to exhaust cannot be cured, dismissal with prejudice is appropriate in this case. *See Marsh v. Jones,* 53 F.3d 707, 710 (5th Cir. 1995) (dismissal with prejudice warranted when administrative relief is time barred or otherwise precluded).

UOF claims against the following five (5) Defendants: Warden Ambriz, Captain Jameson, Sergeant Garza, Officer Rincon, and Officer Huth.

Respectfully submitted this 12th day of September, 2014.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).