UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLI FREE I GARNER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:11-CV-320 |
| | § | |
| ERNEST GUTIERREZ, JR, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING, AS MODIFIED,**
**MEMORANDUM AND RECOMMENDATION**

Pending before the Court is Defendants'[1] Motion for Summary Judgment (D.E. 127) to dismiss Plaintiff's civil rights action against them for failure to exhaust administrative remedies. On September 12, 2014, United States Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation ("M&R") (D.E. 137) recommending that the Court grant summary judgment in favor of the moving Defendants, except for Officer Huth, and dismiss Plaintiff's remaining excessive force claims with prejudice. The Court received Defendants' timely-filed objection (D.E. 138) on September 25, 2014, as well as Plaintiff's timely-filed objections (D.E. 141, 140) on November 7, 2014. The objections are set out and discussed below.

Defendants object to the Magistrate Judge's conclusion that Plaintiff failed to exhaust his administrative remedies as to the March 16, 2010 Use of Force (UOF) incident against Sergeant Trevino and Officer Robles. Plaintiff, in his response to

---

[1] The moving Defendants include: Officer Richardo Cardwell, Officer Gilberto Robles, Sergeant Elias Trevino, Officer Luis Pulido, Officer Adam Daughtery, Officer Charles Huth, Officer Conrad Perales, Major Adam Gonzalez, Officer Rodolpho Ruiz, and Officer Jeremy Clark.

Defendants' motion for summary judgment, argued that he exhausted his administrative remedies by filing Step 1 and 2 grievances (No. 2010124800) but he failed to produce copies of the grievances to the Court. D.E. 135, p. 3. Defendants now acknowledge that these grievances, along with a second UOF grievance (No. 2010145271), were "inadvertently excluded from the grievance record submitted to the Court[.]" D.E. 138, p. 3. Defendants have attached the omitted grievances to their objection. D.E. 138-1. Given the new evidence, the Court holds that Plaintiff properly exhausted his administrative remedies as to his March 16, 2010 claim pursuant to the Prison Litigation Reform Act (PLRA). As a result, Defendants' objection is **SUSTAINED** and Plaintiff's March 16, 2010 claim against Sergeant Trevino and Officer Robles is retained for consideration on the merits.

Plaintiff objects to the Magistrate Judge's conclusion that he failed to exhaust his administrative remedies as to the September 30, 2010 and December 7, 2010 UOF incidents. Plaintiff argues that his own testimony along with Defendants' grievance record "expresses a genuine issue for trial as to, factual dispute concerning (grievs) not located in the Offender (griev) Office pertaining to the Sept. 30th and Dec. 7th 2010 UOF events" and as to "whether the [Defendants] are still withholding the (grievs) or whether the remedies were exhausted as [P]laintiff states." D.E. 141, p. 9. Plaintiff, however, fails to provide any evidence indicating that he exhausted his remedies or that Defendants continue to withhold grievance records.

"[T]he PLRA pre-filing exhaustion requirement is mandatory and non-discretionary[.]" *Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012) (per curiam). As

the Fifth Circuit has emphasized, "judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). Furthermore, vague and conclusory assertions cannot defeat a properly supported motion for summary judgment. *See Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003). In other words, the non-moving party does not demonstrate the existence of a genuine issue of fact by simply asserting "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotations marks omitted).

Plaintiff's arguments are conclusory and unsubstantiated, and thus unavailing on summary judgment. The fact that Defendants inadvertently omitted two relevant grievance records, a mistake they swiftly addressed, is not evidence of a plot to "hoodwink" the Court. D.E. 141, p. 3. As a result, Plaintiff's assertions fail to create a genuine issue of material fact as to whether he exhausted his administrative remedies.

In addition, Plaintiff relies on the Fifth Circuit's sham affidavit rule to challenge the business record affidavit offered by Defendants on behalf of Sandra K. Murphy, Offender Grievance manager with the Texas Department of Criminal Justice. D.E. 141, p. 5-6. The sham affidavit rule "stands for the proposition that a nonmoving party may not manufacture a dispute of fact merely to defeat a motion for summary judgment." *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) ("It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit

that impeaches, without explanation, sworn testimony."). Defendants are the moving parties and are neither attempting to defeat their own summary judgment nor offering contradictory testimony. Accordingly, Plaintiff's objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Defendants and Plaintiff's objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's M&R to which objections were specifically directed, this Court **SUSTAINS** Defendants' objection, **OVERRULES** Plaintiff's objection, and, as modified, **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 137). Accordingly, Defendants' Motion for Summary Judgment (D.E. 127) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff may proceed to trial on his March 16, 2010 excessive force claims against Sergeant Trevino and Officer Robles as well as his August 6, 2009 excessive force claims against Defendants Warden Aurelio Ambriz, Captain Jacqulyn Jameson, Sergeant Billy Garza, Officer Mauricio Rincon, and Officer Huth.

ORDERED this 30th day of January, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE